UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDELL, individually and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE, INC.,<br><br>  Defendant. | Case No.: 19cv1227-BAS(KSC)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[Doc. No. 50.]** |

    Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 50.] In the Joint Motion, plaintiff seeks an order compelling defendant to produce a single document in Excel format that is believed to be responsive to plaintiff's Document Request No. 1 ("the Excel report"). The Excel report was created by defendant during this litigation at the direction of counsel. Plaintiff claims to have first learned of the existence of the report in a Rule 30(b)(6) deposition on May 28, 2020. [Doc. No. 50, at pp. 2-5, 9.] Defendant has not produced the Excel report, because it believes as follows: (1) the report is not responsive to plaintiff's Document Request No. 1; (2) the report qualifies for work product protection; and (3) plaintiff waited too long to raise the parties' dispute with the Court. [Doc. No. 50, at pp. 6-10.] For the

1

reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling defendant to produce the subject document must be GRANTED.

### *Background*

The operative Second Amended Class Action Complaint (SAC) alleges defendant is a medical transport provider who provided services to plaintiff on October 28, 2018. When plaintiff was unable to pay the resulting debt, defendant began making collection calls to plaintiff. The basis for this action is that defendant allegedly recorded its collection calls with plaintiff and other debtors without a warning or consent in violation of California law. [Doc. No. 34, at pp. 2, 4.]

The parties were originally scheduled to complete class discovery on March 20, 2020. [Doc. No. 23, at p. 2.] In this regard, the original Scheduling Order states that "[f]act and class discovery *are not bifurcated* but all class discovery shall be completed by all parties on or before March 20, 2020." [Doc. No. 23, at p. 2 (emphasis added).] Thereafter, the deadline for completing class discovery was extended twice. The deadline was first extended to March 24, 2020 for the sole purpose of taking plaintiff's deposition. [Doc. No. 37.] The deadline was again extended to April 2, 2020 "solely to complete the depositions of plaintiff, Credence, and Dr. Patil because of logistical and scheduling challenges caused by the COVID-19 virus." [Doc. No. 39.]

### *Discussion*

I. *Timeliness.*

Defendant contends it is too late for plaintiff to raise the dispute over the Excel report under Judge Crawford's Chambers Rule No. VIII(B), which requires the parties to raise discovery disputes within 30 days of the event giving rise to the dispute. Defendant served responses to plaintiff's document requests, including Document Request No. 1, on January 10, 2020. Defendant then produced responsive documents between February 28 and March 11, 2020. Therefore, defendant contends plaintiff should have raised the dispute over the Excel report no later than April 10, 2020. [Doc. No. 50, at p. 7.]

///

Plaintiff represents that the existence of the Excel report was not known until May 28, 2020, when plaintiff took a Rule 30(b)(6) deposition of defendant's representative, Dr. Bhaskar Patil. [Doc. No. 50, at p. 2; Doc. No. 50-1, at p. 2.] Defendant does not dispute defendant's representation in this regard, and there is nothing before the Court indicating plaintiff could have known about the existence of the Excel report before Dr. Patil's deposition. Based on plaintiff's representations, the Court finds that plaintiff did not wait too long to raise this matter with the Court. Under the circumstances presented, the event giving rise to the dispute is plaintiff's discovery of the subject report during Dr. Patil's deposition on May 28, 2020.

## II.     *The Parties' Discovery Dispute.*

Plaintiff's Document Request No. 1 sought production of documents which in any way reference plaintiff, the events alleged in the operative pleading, and/or any allegations or defenses asserted in this action. [Doc. No. 50, at p. 2.] Defendant responded to this request with objections and stated it would produce all responsive, non-privileged documents. In the Joint Motion, defendant represents that it produced responsive documents but did not produce a privilege log. [Doc. No. 50, at pp. 7, 9 n.2.]

Plaintiff also served defendant with Document Request No. 9, which sought production of all recordings of defendant's outbound calls to California cell phone numbers from one year prior to the filing of this action to the present. [Doc. No. 50-2, at p. 9.] To prepare a response to this request, defense counsel worked with Dr. Patil to determine how best to locate the requested audio recordings as there was no existing report or summary of calls that would be directly responsive to the request. Defense counsel then instructed Dr. Patil and his team to search for potentially responsive audio recordings using specific data fields available in a LiveVox system used by defendant in its call center operations. [Doc. No. 50-4, at pp. 2-3.]

Dr. Patil and/or his team then created the Excel report that is the subject of the parties' discovery dispute. This Excel report was used to identify and produce 20,000 audio recordings in response to Document Request No. 9. Dr. Patil then mentioned the

Excel report during a Rule 30(b)(6) deposition on May 28, 2020. [Doc. No. 50-4, at p. 3.] Plaintiff submitted relevant portions of Dr. Patil's testimony to support the request for an order compelling production of the Excel report. In his testimony, Dr. Patil stated that the Excel report includes several different fields or sections, including the telephone numbers for outbound calls from the first week in August 2018 through January 2020. Although it is somewhat unclear from the testimony, the Excel report may include other information, such as the agent who handled the call, the hold and talk times for each call, and whether each call was transferred. To obtain another copy of the report, Dr. Patil testified he could ask the reporting team, or he could go directly to the folders where the report is stored. [Doc. No. 50, at pp. 3-5.] Therefore, it is apparent that it would not be burdensome for defendant to produce the Excel report to plaintiff.

Defendant contends the Excel report is entitled to work product protection under Federal Rule 26(b)(3), because it was prepared at the direction of counsel "in anticipation of litigation or for trial" and because it constitutes a "summation" of "what plaintiff deems is relevant data." [Doc. No. 50, at p. 10.] The party asserting the work product doctrine bears the burden of establishing that it applies. *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010). "'At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.' *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). Protected items include the mental impressions, conclusions, opinions, or legal theories of a party's attorney. See Fed. R. Civ. P. 26(b)(3)." *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 510 (N.D. Cal. 2012).

Defendant's claim of work product protection is unconvincing. First, the information before the Court indicates the Excel report was specifically prepared to identify audio recordings to produce in response to plaintiff's Document Request No. 9. Document Request No. 9 specifically requested disclosure of recordings of defendant's outbound calls to California cell phone numbers from one year prior to the filing of this action to the present, and Dr. Patil's testimony indicates this is the information that was

used to generate the Excel report and produce the requested audio recordings.  Dr. Patil testified he believes the date range used to prepare the Excel report was the first week of August 2018 through January 2020.  [Doc. No. 50, at p. 4.]  This original Complaint in this action was filed on July 1, 2019.  [Doc. No. 1.]  There is nothing before the Court to indicate disclosure of the Excel report would reveal counsel's mental impressions, conclusions, opinions, or legal theories that would not already have been apparent from the prior production of the related audio recordings.

Second, the record before the Court indicates Dr. Patil testified about the Excel report without objection.  Third, even if the Excel report could be considered work product, any protection of the report under the work product doctrine would have been waived by Dr. Patil's testimony about the content of the report and how it was created. *See U.S. v. Nobles*, 422 U.S. 225, 239-240 (1976).   Finally, as defendant acknowledges in the Joint Motion, plaintiff is in the process of obtaining the same or similar information via a Rule 45 subpoena served on LiveVox, which maintains defendant's data.  LiveVox has agreed to produce data "tailored to plaintiff's request" [Doc. No. 50, at p. 6], and defendant has not moved for a protective order or to quash the subpoena.  Accordingly, without more, this Court cannot conclude the Excel report is entitled to any protection from disclosure to plaintiff under the work product doctrine.

Defendant also contends the Excel report is not responsive to plaintiff's Document Request No. 1, or any of plaintiff's other written discovery requests, because these requests did not specifically seek production of data.  [Doc. No. 50, at p. 8.]  In addition, defendant argues that the Excel report "is not relevant to either party's claims or defenses."  [Doc. No. 50, at p. 8.]  Contrary to defendant's contentions, the Excel report is highly relevant and is arguably responsive to plaintiff's Document Request No. 1.  The information in the Excel report references "the events alleged" in the operative SAC, because it includes details about the phone calls defendant allegedly placed to plaintiff and members of putative class in violation of California law.  It is also relevant because it includes telephone numbers that could be used to contact members of the putative class

1  prior to class certification. [Doc. No. 50, at pp. 2, 5.]  Accordingly, based on the
2  foregoing, the Court finds that the Excel report is discoverable under the relevance
3  standard in Federal Rule 26(b)(1).
4       Defendant argues that contact information for members of the putative class is not
5  relevant *when a class has not yet been certified*.  [Doc. No. 50, at pp. 8-9.]  This
6  argument is undeveloped in the Joint Motion, but the Court will assume defendant objects
7  to the disclosure of the Excel report, because it includes private telephone numbers that
8  could be used to prematurely contact members of the putative class.
9       Discovery must be permitted prior to class certification if it is necessary to
10 determine the existence of a class.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d
11 935, 942 (9th Cir. 2009); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1312-
12 1313 (9th Cir. 1977).  Otherwise, courts have wide discretion in limiting discovery prior
13 to a hearing on class certification.  *In re Rail Freight Fuel Surcharge Anti-Trust*
14 *Litigation*, 258 F.R.D. 167, 169, 172 (2009).  "Simultaneous class discovery and merits
15 discovery may generate 'extraordinary and unnecessary expense and burden' in that the
16 parties may waste resources on merits discovery that turns out to be unnecessary either
17 because the class is defined more narrowly than expected or the plaintiffs decide to
18 discontinue the case after a denial of certification."  *Id.* at 170.
19      In resolving discovery disputes prior to class certification, the Court must "balance
20 the need to promote effective case management, the need to prevent potential abuse, and
21 the need to protect the rights of all parties."  *Id.* at 172.  "The disclosure of names,
22 addresses, and telephone numbers is a common practice in the class action context."
23 *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011).  However, potential class
24 members do have a limited right to privacy in their contact information.  *Goro v. Flowers*
25 *Foods, Inc.*, 334 F.R.D. 276, 287 (S.D. Cal. 2018).  For example, there is a "privacy
26 interest not to be contacted by telephone" – "people don't like unsolicited telephone calls
27 and the law recognizes that fact."  *Lawrence v. Hoban Management, Inc.*, 103 F.Supp.3d
28 1216, 1219-1220 (S.D. Cal. 2015).  The limited right to privacy is "subject to invasion

depending on the circumstances." *Goro*, 334 F.R.D. at 287.  When there is an appropriate protective order, "courts have permitted the disclosure of such information where a [class action] plaintiff shows a legitimate need." *Nguyen v. Baxter Healthcare Corp.*, 275, F.R.D. 503, 507 (C.D. Cal. 2011).

Here, it is unclear whether plaintiff seeks disclosure of the Excel report to be able to contact potential class members by telephone prior to class certification.  Plaintiff does not argue in the Joint Motion that there is a need to contact potential class members prior to class certification to obtain information necessary to meet the burden of proof on any class certification issues.  In this regard, the Court notes that plaintiff's Motion for Class Certification has already been filed and is currently pending before the District Court. [Doc. No. 49.]  Therefore, without more, the Court finds that the individuals identified in the Excel report are entitled to a limited right to privacy in their telephone numbers. Accordingly, there is good cause to enter a protective order precluding plaintiff from using the telephone numbers in the Excel report to contact putative class members unless the District Court certifies a class that encompasses the individuals identified in the Excel report.  In addition, the Excel report must be produced to plaintiff's counsel pursuant to the terms of the Protective Order that is already in place to govern the exchange of confidential documents and information between the parties.  [Doc. No. 30.]

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an order compelling defendant to produce the subject Excel report is GRANTED. Defendant must produce the Excel report to plaintiff's counsel ***no later than ten (10) days after this Order is entered***.  To protect the limited privacy interests of the putative class, the telephone numbers listed in Excel report may not be used to contact potential class members unless the District Court certifies a class that includes the individuals identified in the Excel report.  In addition, the Excel report must be produced to plaintiff's counsel subject to the terms of the Protective Order [Doc. No. 30] that was
/ / /

previously entered in this case to govern the exchange of confidential information between the parties.

IT IS SO ORDERED.

Dated: June 23, 2020

Hon. Karen S. Crawford
United States Magistrate Judge