**AKIN GUMP STRAUSS HAUER & FELD LLP**
NEAL ROSS MARDER (SBN 126879)
REBECCA A. GIROLAMO (SBN 293422)
BRETT M. MANISCO (SBN 318351)
nmarder@akingump.com
bgirolamo@akingump.com
bmanisco@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone: 310.229.1000
Facsimile: 310.229.1001
*Attorneys For Defendant*
*American Medical Response, Inc.*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDELL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE, INC.<br><br>Defendant. | CASE NO. 3:19-cv-01227-BAS-KSC<br><br>[Judge: Hon. Cynthia Bashant]<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date Action Filed: July 1, 2019 |

Defendant American Medical Response, Inc. ("AMR") respectfully submits the following evidentiary objections to the declaration of Plaintiff's attorney, Joshua B. Swigart ("Mr. Swigart"), filed in support of Plaintiff's Motion for Class Certification. Mr. Swigart's declaration is a thinly-veiled attempt to circumvent Local Rule 7.1(h), which imposes a 25-page limit on all briefs or memoranda. Mr. Swigart's declaration includes 3.5 pages of improper testimony purporting to "summarize" the key evidence in this matter. In reality, this section of Mr. Swigart's declaration is a compilation of objectionable statements and an obvious attempt to submit additional argument to the Court. AMR's specific evidentiary objections are set forth in detail below.

## EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSHUA B. SWIGART

| Statement of Declarant/Evidence | Objections |
|---|---|
| "As part of the document production, AMR produced three different variations of a standardized script used for outgoing telephone calls to patients, such as Plaintiff and class members. Dr. Patil testified that each script was used at different times." Swigart Decl., ¶ 11. | Under Federal Rule of Evidence ("F.R.E.") 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."<br><br>AMR objects to paragraph 11 of Mr. Swigart's declaration under F.R.E. 602 on the basis that Mr. Swigart has not established that he has the requisite personal knowledge to testify as to what scripts were used by AMR and its representatives. |

| Statement of Declarant/Evidence | Objections |
|---|---|
| "For calls prior to July 2018, AMR used a script in which the caller identified himself/herself as calling from "Patient Business Services" and included a disclosure of recording at the outset of the call. For ease of reference, this script is referred to herein as "PBS Type 1". A copy of this script was authenticated as Exhibit 28 at the Deposition of Dr. Patil. Dr. Patil testified that this call script is "the call recording script which is currently being used as well as it was used before, I think, July 2018." (Patil Dep at 126:16-17). Dr. Patil clarified that this PBS Type 1 script was NOT used continuously but was used prior to July 2018, and then was not used after July 2018 until it was reintroduced at a later date. A true and correct copy of the script marked as Exhibit 28 at the Patil Deposition is attached hereto as Exhibit 1." Swigart Decl., ¶ 12. | AMR objects to paragraph 12 of Mr. Swigart's declaration under F.R.E. 602 on the basis that Mr. Swigart has not established that he has the requisite personal knowledge to testify as to what scripts were used by AMR and its representatives at any given time.<br><br>Under F.R.E. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."<br><br>AMR objects to Mr. Swigart's statement that "Dr. Patil clarified that this PBS Type 1 script was NOT used continuously but was used prior to July 2018, and then was not used after July 2018 until it was reintroduced at a later date[,]" under F.R.E. 403 as it is misleading. Mr. Swigart omits the portion of Dr. Patil's deposition where he clarified that PBS Type 1 script was phased out beginning on July 15, 2018 through the end of July 2018. Patil Dep. 131:7-13; Patil Decl. ¶ 7. |
| "Dr. Patil also testified that in July 2018 AMR switched to a different outbound call script in which the caller identified himself/herself as calling from Patient Business Services but did not disclose that the call was being recorded at the outset of the call. Instead the call recording notification was delayed until after certain call recipient verification | AMR objects to paragraph 13 under F.R.E. 602 on the basis that Mr. Swigart has not established that he has the requisite personal knowledge to testify as to when different scripts were used by AMR and its representatives at any given time.<br><br>Further, AMR objects to paragraph 13 |

| | **Statement of Declarant/Evidence** | **Objections** |
|---|---|---|
| | was completed. For ease of reference, this script is referred to herein as "PBS Type 2". This script was authenticated by Dr. Patil as Exhibit 31 to his deposition. A true and correct copy of the PBS Type 2 Script is attached hereto as Exhibit 2." Swigart Decl., ¶13. | under F.R.E. 602 on the basis that Mr. Swigart has not established that he has requisite personal knowledge to testify about the substance of any particular scripts used by AMR or its representatives.<br><br>Under F.R.E. 1002, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  AMR therefore objects to Mr. Swigart's statement regarding the content of "PBS Type 2" script, as F.R.E. 1002 requires that the document must prove its contents.  In particular, AMR objects to Mr. Swigart's statement that the script, "did not disclose that the call was being recorded at the outset of the call." The call scripts, as well as the produced recordings, must speak for themselves.<br><br>AMR objects to Mr. Swigart's statement that, "Dr. Patil also testified that in July 2018 AMR switched to a different outbound call script" under F.R.E. 403 because it is misleading and confuses the issues.  Mr. Swigart's testimony omits the fact that Dr. Patil testified that multiple scripts were in use at various points in time. Patil Dep. 131:7-13, 165:22-166:6; Patil Decl. ¶¶ 7,8. |
| | "Dr. Patil testified that the modification of the script from PBS Type 1 to PBS Type 2 which moved the notice of recording AWAY from the outset of the conversation was a deliberate decision "based on the direction from the director of Integra, that change was made and then we just executed it." (Patil Depo at 129:22-24). The change was made in | AMR objects to paragraph 14 in its entirety on the grounds that Plaintiff has failed to lay a foundation establishing that Mr. Swigart has personal knowledge of the substance of the call scripts used by AMR, as required under F.R.E 602.<br><br>AMR objects to paragraph 14 under F.R.E 403 because it is misleading and |

| | Statement of Declarant/Evidence | Objections |
|---|---|---|
| 1 | | |
| 2 | July 2018. (Patil Depo at 97:3-6)." Swigart Decl., ¶ 14. | confuses issues. In particular, Mr. Swigart mischaracterizes the testimony of Dr. Patil to the extent he suggests that Dr. Patil testified that "the modification of the script from PBS Type 1 to PBS Type 2 which moved the notice of recording AWAY from the outset of the conversation was a deliberate decision." Dr. Patil provided no such testimony and Plaintiff fails to cite to any portion of Dr. Patil's testimony that would provide a basis for this statement.

AMR further objects under F.R.E. 1002, as the call scripts must speak for themselves. |
| 13-23 | "AMR also produced a third outbound call script in which Patient Business Services is replaced with "Customer Care". For ease of reference, this script is referred to herein as "CC Type." Dr. Patil explained the reason for the reason [*sic*] and the timing of the change: "I believe there was an update that instead of patient business services, we should call it as customer care. So at the time I think this modification was done and I believe it was somewhere -- somewhere in 2019. [¶] Q Before July? [¶] A I think -- I think after July." (Patil Depo 133:4-10)." Swigart Decl., ¶ 15 | AMR objects to paragraph 15 under F.R.E 403 because it is misleading, as Plaintiff fails to cite testimony from Dr. Patil regarding the "reason" for the change, and because Plaintiff omits Dr. Patil's relevant testimony regarding the timing of the change. Patil Dep. 165:22-166:6; Patil Decl. ¶¶ 7,8. |
| 24-28 | "AMR uses a team of quality auditors to make sure that its telephone representatives are following the standard operating procedures and scripts. "we have a quality audit mechanism wherein they will audit the calls. So to audit those calls, quality auditor has to listen the calls; and to | AMR objects under F.R.E. 602 because Plaintiff has failed to lay a foundation that Mr. Swigart has personal knowledge that, "AMR uses a team of quality auditors to make sure that its telephone representatives are following the standard operating procedures and scripts[,]" as |

| Statement of Declarant/Evidence | Objections |
|---|---|
| listen the calls, they access those calls in LiveVox platform." (Patil Depo at 47:8-13). "[Q] . . . They listen to, I guess, a random sampling of recordings and make sure that, I assume, everybody's following the standard operating procedures; right? [A] That's correct." (Patil Depo at 47:18-22). Swigart Decl., ¶ 16 | required under F.R.E. 602.<br><br>Further, AMR objects because Plaintiff has failed to include as an exhibit to the Declaration of Mr. Swigart the cited portions of Dr. Patil's deposition transcript. |
| "Dr. Patil also testified that systems called Jaguar and LiveVox are used by AMR to document certain call details and whether a recording was made. (Patil Depo at 45:8-25)." Swigart Decl., ¶ 17 | AMR objects to paragraph 17 on the grounds that Plaintiff has failed to lay a foundation that Mr. Swigart has personal knowledge about the systems "used by AMR to document certain call details and whether a recording was made."<br><br>Further, AMR objects on the grounds that Plaintiff has failed to include as an exhibit to the Declaration of Mr. Swigart the relevant cited portions of Dr. Patil's deposition transcript. |
| "The recording of the call on November 12, 2018 is 1:19 in length. The caller identifies himself as calling from "Patient Business Services" on behalf of AMR regarding services provided in October, 2018. The caller then requests Mr. Mendell to provide certain personal identifying information. The caller does not advise Mr. Mendell that the call is being recorded." Swigart Decl., ¶ 20 | AMR objects to Paragraph 20 under F.R.E. 602 because Plaintiff has failed to lay a foundation that Mr. Swigart has personal knowledge of the substance of the call.<br><br>AMR further objects to Mr. Swigart's testimony regarding the substance of the call, as F.R.E. 1002 requires that the original recording must speak for itself. |
| "The recording of the call on November 13, 2018, is 3:01 seconds in length. The caller left a voice mail for Mr. Mendell identifying herself as calling from "Patient Business Services" on behalf of AMR." Swigart Decl., ¶ 21 | AMR objects to Paragraph 21 under F.R.E. 602 because Plaintiff has failed to lay a foundation that Mr. Swigart has personal knowledge of the substance of the call.<br><br>AMR objects to paragraph 21 under |

| Statement of Declarant/Evidence | Objections |
|---|---|
| | F.R.E. 1002 on the basis that Plaintiff has improperly offered testimony of Mr. Swigart regarding the substance of a recording. The original recording must speak for itself under F.R.E. 1002. |
| "The recording of the call on November 14, 2018, is 1:39 in length. The caller identifies herself as calling from "Patient Business Services" on behalf of AMR regarding services provided on October 28, 2018. The caller then requests Mr. Mendell to provide certain identifying information. The caller does not advise Mr. Mendell that the call is being recorded."  Swigart Decl., ¶ 22 | AMR objects to Paragraph 22 under F.R.E. 602 because Plaintiff has failed to lay a foundation that Mr. Swigart has personal knowledge of the substance of the call.<br><br>Plaintiff has improperly offered testimony of Mr. Swigart regarding the substance of a recording. The original recording must speak for itself under F.R.E. 1002. |
| "These conversations all involve Protected Health Information which is designated confidential as a matter of law pursuant to HIPAA as acknowledged by AMR in its Notice of Privacy Practices and designated as Confidential by AMR in this litigation. However, the recordings have been shared with AMR's agents including Omega, Integra, and LiveVox – all without Mr. Mendell's consent." Swigart Decl., ¶ 23 | AMR objects on the grounds that Plaintiff has improperly offered testimony of Mr. Swigart regarding the legal conclusion that "these conversations all involve Protected Health Information which is designated confidential as a matter of law pursuant to HIPAA […]." *See*, *e.g.*, *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)("[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge.")<br><br>Further, AMR objects on the grounds that Plaintiff has improperly offered testimony of Mr. Swigart regarding the issue of whether Plaintiff consented to any recordings, without laying a foundation regarding Mr. Swigart's knowledge of whether Plaintiff consented to the recording, as required under F.R.E 602.<br><br>Further, AMR objects under F.R.E. 403 because his testimony that "the recordings |

| Statement of Declarant/Evidence | Objections |
|---|---|
| | have been shared with AMR's agents, including Omega, Integra and LiveVox" is false, misleading and confuses the issues. Omega and Integra are the entities that called Plaintiff and made the recording on AMR's behalf, and the recording was merely dialed and stored using the LiveVox system.  Patil Dep 34:7-34:2; 46:4-6; Connolly Dep. 52:14-53:2; 55:4-22.<br><br>Further, AMR objects to the extent that Mr. Swigart is testifying regarding the substance of the recordings, as the original recordings must speak for themselves under F.R.E. 1002. |
| "A semi random analysis of eighty-four (84) call recordings showed eight (8) calls using the Patient Business Services Script Ver 1, fifty-one (51) calls within the class period using the Patient Business Services Script Ver 2, and twenty-five (25) calls using the Customer Care Script. Lists of these phone call recordings separated by scripts are hereto attached as exhibits 10, 11, and 12." Swigart Decl., ¶ 25, Exhibits 10, 11 and 12 | AMR objects on the grounds that Plaintiff has improperly offered testimony of Mr. Swigart regarding the substance of the recordings without laying a foundation as required under F.R.E. 602.  Indeed, it is not clear that Mr. Swigart has personally reviewed the 84 call recordings, and in any event, the original recordings must speak for themselves under F.R.E. 1002. |
| "Attached hereto is a true and correct copy of AMR's "Notice of Privacy Practices" as Exhibit 13." Swigart Decl., ¶ 26, Exhibit 13 | AMR objects on the grounds that Plaintiff has failed to include any evidence establishing that the document is authentic as required under F.R.E. 901.<br><br>AMR further objects on the grounds that Plaintiff has failed to lay a foundation for the use of this document under F.R.E. 602. |

| Statement of Declarant/Evidence | Objections |
|---|---|
|  | AMR further objects on the grounds that the document is inadmissible hearsay under F.R.E. 801, as Plaintiff seeks in his Motion to offer this document for the truth of the matter asserted therein, and has not made any showing that the statements made in the document fall within any exception to the hearsay rule. |

Dated: August 4, 2020

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Neal Ross Marder
Rebecca A. Girolamo
Brett M. Manisco


By:     /s/ Neal R. Marder
Neal Ross Marder
Attorneys for Defendant
nmarder@akingump.com