UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDELL,<br><br>                                          Plaintiff,<br><br>   v.<br><br>AMERICAN MEDICAL RESPONSE, INC.,<br><br>                                          Defendant. | Case No. 19-cv-01227-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO SEAL (ECF No. 68); AND**<br><br>**(2) DENYING WITHOUT PREJUDICE**<br>    **a) PLAINTIFF'S MOTION TO SEAL (ECF No. 47);**<br>    **b) DEFENDANT'S MOTION TO SEAL (ECF No. 59); AND**<br>    **c) PLAINTIFF'S MOTION TO SEAL (ECF No. 65).** |

**I.    BACKGROUND**

On July 1, 2019, Michael Mendell filed this putative class action against American Medical Response, Inc. ("AMR") in federal court. The parties sought a stipulated protective order, which Magistrate Judge Karen S. Crawford entered on January 10, 2020. (ECF No. 30.)

The parties each filed several motions to file documents under seal. Mendell moved to seal documents for his motion for class certification (ECF No. 47) and for his reply. (ECF No. 65). AMR moved to seal documents for its opposition to the motion for class certification (ECF No. 59) and for its motion to strike. (ECF Nos. 68.) The Court finds the motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the lesser, "good cause" standard applies. *Id.*; *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (holding that the "good cause" standard imposes a lower burden than the "compelling reasons" standard). Under either

standard, "an order sealing the documents must be narrowly drawn to seal only those portions of the record that, upon a balancing of the relevant interests, ought to be sealed." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12698301, at *1 (C.D. Cal. Jan. 22, 2015) (collecting cases).

Under this Court's Standing Order, the parties seeking a sealing order to provide the Court with "(1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure." Hon. Cynthia Bashant's Standing Order for Civil Cases ("Standing Order") § 5. "The standard for filing documents under seal will be strictly applied." *Id.* "Any protective order must be narrowly drawn" to reflect the balance between the moving party's interests and the public's right to access the court files, and "[a]ny member of the public may challenge the sealing of any particular document." *Id.* "The fact that both side[s] agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing." *Id.*

### III. ANALYSIS

#### A. AMR'S Motion to File Under Seal Exhibits 1–6 to the Girolamo Declaration

AMR moves to file under seal exhibits 1–6 to the declaration of Rebecca A. Girolamo in support of AMR's motion to strike. (Mot. to Seal, EC F No. 68) AMR's motion to strike is only tangentially related to the underlying cause of action because it largely turns on one very straightforward question: whether certain evidence falls within the scope of a reply brief or is otherwise authorized under federal law. *Cf. United States v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016) (applying the "good cause" standard to seal the documents relating to a party's motion to strike supplemental expert report because the underlying motion to strike was not "more than tangentially related to the merits"). Therefore, AMR must show good cause to file exhibits 1–6 to the Girolamo Declaration under seal.

The "good cause" standard requires a particularized showing that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Id.* at 1211. Courts have found good cause to allow confidential settlement agreements or documents that discuss or disclose the terms of the agreements to be filed under seal. *See, e.g.*, *Omnicell, Inc. v. Medacist Sols. Grp., LLC*, No. 10-CV-04746-LHK, 2011 WL 13384612, at *1 (N.D. Cal. Jan. 21, 2011) (sealing documents that discussed or disclosed the terms of a settlement agreement). Here, the documents that AMR seeks to file under seal all discuss or disclose the terms of the proposed settlement between the parties. After weighing the public and private interests at issue, the Court concludes that it is necessary to seal the settlement discussions attached as exhibits to the Girolamo Declaration.

Therefore, AMR's motion to file under seal exhibits 1–6 to the Girolamo Declaration is **GRANTED**.

### B. The Parties' Motions to File Under Seal Documents in support of, or opposition to, Mendell's Motion for Class Certification

The parties move to file under seal numerous documents relating to their briefs filed in support of, or opposition to, the class certification motion. (Pl.'s Mot. to Seal, ECF No. 47; Def.'s Mot. to Seal, ECF No. 59; Pl.'s Mot. to Seal, ECF No. 65.) A motion for class certification is central to the merits of a case and thus is "more than tangentially related to the underlying cause of action." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020) (citing *Ctr. for Auto Safety*, 809 F.3d at 1099). Therefore, the parties must bear the heavy burden of showing "'compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *See id.* (citing *Kamakana*, 447 F.3d at 1178–79). Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court

records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, the parties' motions do not comply with this Court's Standing Order nor the law of this circuit, which require the party moving for a sealing order to make a particularized showing of compelling reasons—supported by factual evidence—that outweigh the strong presumption of access. *See Krommenhock*, 334 F.R.D. at 586; Standing Order § 5. The only declarations that the parties attach in support of their motions to seal are counsel declarations, which are insufficient to satisfy the "compelling reason" standard. First, the counsel declarations rely on reference to the stipulated protective order and Mendell's non-opposition to AMR's designation of materials as "confidential." Neither the protective order nor the non-opposition to the motions to seal supplies a legal basis to curtail the public's access to judicial records. *See* Standing Order § 5 ("The fact that both side[s] agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing."); *see also In re Ferrero Litig.*, No. 11–CV–205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing order). Second, the declarations rely on blanket claims that the documents are worthy of a sealing order and do not address the filings on a line-by-line basis. That is not enough. At a minimum, the party moving to seal multiple documents "must demonstrate specific prejudice or harm flowing from the disclosure of [each] specific document." *See Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019) (citing *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016)). Third, declarations by counsel who lacks personal knowledge of or the foundation for the alleged harm from disclosure—for example, harm to the business interests of AMR—cannot constitute factual evidence that supports a "compelling reason." *See, e.g.*, *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018

WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (finding that the declaration by counsel was not enough to meet the "compelling reasons" standard because counsel lacked personal knowledge of or foundation for the assertions that the information at issue might harm the defendant company's competitive standing); *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013) (assigning "no weight" to the conclusory declaration by plaintiff's counsel that disclosure of the information at issue could harm the plaintiff's business where the plaintiff did not demonstrate that counsel had personal knowledge about the harm asserted). Fourth, the parties make no effort in explaining why the broad scope of the requested sealing order draws the right balance between the moving party's interests and the public's right to access. For example, the declarations conclude, without explaining, that redactions cannot satisfy the parties' interests. Courts have held that redacting information as sensitive as personally identifiable information of individuals who could face prosecution upon disclosure could strike the right balance between the moving party's interests and the public's right to access judicial records. *See, e.g.*, *Al Otro Lado, Inc.*, 2019 WL 6220898, at *5. Without any explanation from the parties, the Court cannot determine whether the scope of the sealing order that the parties seek strikes the right balance of competing interests.

In sum, the parties have not met their burden to show compelling reasons that would support their motions to file under seal the documents filed in support of, or opposition to, class certification. Therefore, the Court denies without prejudice the parties' motions to seal.

//
//
//
//
//
//

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to file under seal exhibits 1–6 to the declaration of Rebecca A. Girolamo in support of AMR's motion to strike (ECF No. 68). The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the requested document (ECF No. 69).

The Court **DENIES WITHOUT PREJUDICE** the parties' motions to file under seal the documents filed in support of, or opposition to, Mendell's motion to certify class (Pl.'s Mot. to seal, ECF No. 47; Def.'s Mot. to Seal, ECF No. 59; Pl.'s Mot. to Seal, ECF No. 65). The parties may reapply for a sealing order **on or before February 24, 2021**. Should the parties elect to do so, the parties must meet and confer to coordinate any request to seal the same material and avoid duplicative filings. Any motion for a sealing order must fully address the "compelling reasons" supporting the sealing of the relevant information. A party may do so by filing a chart identifying document name, sealed docket number, and page and line/paragraph number of the precise information that the party seeks to file under seal. That chart shall include citations to a declaration from a corporate representative or other relevant individual with personal knowledge attesting as to the reason why the sealing is necessary—for example, such declaration must identify a specific harm that would likely flow from public disclosure of that precise information.

**IT IS SO ORDERED.**

**DATED: February 3, 2021**

Hon. Cynthia Bashant
United States District Judge